# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF TEACHERS, <br> 555 New Jersey Ave., NW, <br> Washington, DC 20001 <br><br> GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, <br> 268 Bush Street #555, <br> San Francisco, CA 94104 <br><br> SOUTHERN POVERTY LAW CENTER, <br> 400 Washington Ave., <br> Montgomery, AL 36104 <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br> 400 Maryland Ave., SW, <br> Washington, DC 20202 <br><br> *Defendant*. | Case No. |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  Plaintiffs American Federation of Teachers, Giffords Law Center to Prevent Gun Violence, and Southern Poverty Law Center bring this action against Defendant U.S. Department of Education ("Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2.  Education Secretary Elisabeth DeVos recently gave the green light to states and local school districts to use federal grant funds from the Student Support and Academic Enrichment Program to purchase firearms and firearms training for teachers and other school staff—an unlawful use of these funds.

3.  The information sought by Plaintiffs' FOIA requests, which will shed light on whether lobbyists associated with the firearms industry or gun-lobby groups including the National Rifle Association were involved in the Department's decision and reveal communications between the Department and states or local school districts and within the Department concerning the use of these funds to arm teachers, is plainly of great public importance.

4.  Yet, despite the pressing need for this information, Defendant has failed to comply with its statutory obligations to respond within the legally required time period.

## Parties

5.  Plaintiff American Federation of Teachers is a union representing 1.7 million members in more than 3,000 affiliates nationwide, including over 1 million educators and other school employees.

6.  Plaintiff Giffords Law Center to Prevent Gun Violence is a non-profit, national policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to reduce gun violence and save lives.

7.  Plaintiff Southern Poverty Law Center is a civil rights non-profit dedicated to fighting hate and bigotry and to seeking justice for the most vulnerable members of our society, including on behalf of the nation's schoolchildren.

8.  Defendant U.S. Department of Education is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, DC.  Defendant has possession, custody, and control of records to which Plaintiffs seek access.

### Jurisdiction and Venue

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

### Factual Allegations

11. On August 22, 2018, *The New York Times* reported that in the wake of school shootings in Parkland, Florida and Santa Fe, Texas, Secretary DeVos was considering allowing the use of federal grant funds to arm school teachers with guns.[1] The funds at issue, also known as Title IV-A funds, are distributed to states and local school districts by the Department through the $1 billion Student Support and Academic Enrichment Program ("SSAE"), which is authorized by the Every Student Succeeds Act ("ESSA").

12. Further reporting revealed that the Department had received inquiries from states, including Texas and Oklahoma, about using the SSAE grant funds in this manner.[2]

13. Following outcry from the public and Congress, on August 31, 2018, Secretary DeVos sent a letter to Congress stating that the Department would not be "taking any action concerning the purchase of firearms or firearms training for school staff" because, the letter asserted, states and school districts have the flexibility to spend the funds as they see fit.[3]

14. As set forth in greater detail below, Plaintiffs submitted FOIA requests to Defendant for records that would reveal the extent to which firearms industry lobbyists and

---

[1] Erica L. Green, *Education Secretary Considers Using Federal Funds to Arm Schools*, N.Y. Times, Aug. 22, 2018, https://www.nytimes.com/2018/08/22/us/politics/betsy-devos-guns.html.
[2] Caitlin Emma & Michael Stratford, *DeVos Revives Bitter Debate Over Arming Teachers*, Politico, Aug. 23, 2018, https://www.politico.com/story/2018/08/23/betsy-devos-guns-in-schools-750219.
[3] ED Press Secretary (@EDPressSec), Twitter (Aug. 31, 2018, 1:56 PM), https://twitter.com/EDPressSec/status/1035632557126287360.

representatives of gun-lobby groups were involved in the Department's decision-making as well as communications between the Department and state or local school districts and within the Department about using the funds for this purpose.

Plaintiffs' NRA FOIA Request

15. On August 27, 2018, Plaintiffs submitted a FOIA request to the Department, seeking the following records:

1. All records discussing or revealing communications or meetings with the National Rifle Association, the National Shooting Sports Foundation, Gun Owners of America, or derivations thereof. This search should include, but not be limited to, a search for the National Rifle Association email extension: nra.org, and the National Rifle Association School Shield email extension, nraschoolshield.org.

2. All records containing any of the following terms: Brownell, Oliver North, North, LaPierre, Powell, Cox, Childress, Meadows, Wilson Phillips, Frazer, Loesch, Sanetti, Keane, Shaefer, NRA, NRA-ILA, National Shooting Sports Foundation, NSSF, or Gun Owners of America.

3. All records containing the terms: (1) Gun or firearm; AND (2) ESSA, Every Student Succeeds Act, Title IV, Title 4, "student support and academic enrichment", SSAE, or grant.

The time period for the request is January 20, 2017 to the present.

A copy of the NRA FOIA Request is attached hereto as Exhibit A.

16. Defendant sent a letter to Plaintiffs dated August 28, 2018, in which it acknowledged receipt of this FOIA request that same day and designated Plaintiffs' request as 18-02718-F.

17. On September 14, 2018, Defendant sent Plaintiffs an "interim response" consisting of five records totaling 15 pages of largely duplicative documents. Defendant further advised Plaintiffs that it was "continuing to process your request and your FOIA request case file remains open."

18. On September 26, 2018, Defendant advised Plaintiffs by letter that it was granting their fee waiver request and was "unable to provide an estimated completion date" for this request.

<u>Plaintiffs' Title IV-A Communications Request</u>

22. On September 11, 2018, following additional developments and news coverage, Plaintiffs submitted another FOIA request to the Department, seeking the following records:

1. The letter (or other communication) that the Department of Education reportedly received from Oklahoma state or local school officials asking whether ESSA funds could be used to fund the purchase of guns.

2. All other records revealing communications or meetings between the Department of Education and Oklahoma state or local school officials regarding the use of federal funds to purchase guns for use in schools.

3. Any and all records discussing the letter (or other communication) that the Department of Education received from Oklahoma state or local school officials regarding whether ESSA funds could be used to fund the purchase of guns.

4. All communications between Texas, Oklahoma, or any local school districts within those states, and their respective Title IV-A program officers at the Department of Education that discuss the permissible uses of Title IV-A funds.

5. Any and all records in the Office of the Secretary, the Office of the Deputy Secretary, including the Risk Management Service and its four sub-teams, and the Office of Elementary and Secondary Education, including the Office of Safe and Healthy Schools, discussing or referring to the use of Title IV-A funds for the purchase of guns or weapons, including the decision by Secretary DeVos, as articulated in her August 31, 2018 letter, not to take action on that issue.

6. Any and all communications between any state or local education officials other than Texas and Oklahoma and the Department of Education, including with any program officer involved in the administration of Title IV-A funds or any employee in the Department's Office of Safe and Healthy Students, concerning the use of Title IV-A funds for the purchase of guns or weapons.

The time period for the request is January 20, 2017 to the present.

A copy of the Title IV-A Communications Request is attached hereto as Exhibit B.

23. Defendant sent a letter to Plaintiffs dated September 12, 2018, in which it acknowledged receipt of the FOIA request that same day and designated Plaintiffs' request as 18-02846-F.

24. Defendant has not addressed Plaintiffs' fee waiver request.

### Expedited Processing

25. Plaintiffs requested expedited processing for both FOIA requests because of their "compelling need" for the information. 5 U.S.C. § 552(a)(6)(E)(i)(I). For example, Plaintiffs stated in the September 11, 2018 request:

> The information requested meets the standard for expedition. There is no question that it concerns federal government activity. Based on the public reporting discussed above, the Department of Education has permitted the use of federal funds by states to arm teachers. As discussed above, this action is of extreme public interest, and the question of the use of federal funds to arm teachers is a matter of current exigency to the public. Further, the 2018-2019 school year is just beginning for students in elementary and secondary schools, making the timeliness of this information even more pressing. This is the type of federal government activity about which the public has a compelling and immediate need to know.

26. Defendant denied both requests for expedited processing by letters dated September 11, 2018 and September 13, 2018.

### Defendant's Failure to Comply with the FOIA

27. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiffs' FOIA requests within twenty business days of receipt of the requests and to notify Plaintiffs immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

28. As of the date of this Complaint, Defendant has not complied with these statutory obligations and because the Department has "fail[ed] to comply with the applicable time limit

6

provisions" of the FOIA, Plaintiffs are "deemed to have exhausted [their] administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i).

## Count One

### (Violation of the FOIA, 5 U.S.C. § 552)

29. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

30. By failing to respond to Plaintiffs' FOIA requests within the statutorily mandated time frame and failing to process and produce documents in an expedited manner, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to, the duties to conduct a reasonable search for responsive records, to process Plaintiffs' requests expeditiously, to take reasonable steps to release all non-exempt information, and to not withhold responsive records.

## Requested Relief

WHEREFORE, Plaintiffs pray that this Court:

1. order Defendant to expedite the processing of Plaintiffs' FOIA requests;

2. order Defendant to conduct searches for any and all records responsive to Plaintiffs' FOIA requests using search methods reasonably likely to lead to the discovery of all responsive records;

3. order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA requests at no cost to Plaintiffs and a *Vaughn* index of any responsive records withheld under a claim of exemption;

4. enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

5.	award Plaintiffs their costs, attorneys' fees, and other disbursements for this action; and

6.	grant any other relief this Court deems appropriate.

Dated: October 17, 2018					Respectfully submitted,

/s/ *Josephine Morse*

Josephine Morse (D.C. Bar No. 1531317)
Robin F. Thurston (D.C. Bar No. 1531399)
Javier M. Guzman (D.C. Bar No. 462679)
Democracy Forward Foundation
1333 H Street, NW
Washington, DC 20005
(202) 448-9090
jmorse@democracyforward.org
rthurston@democracyforward.org
jguzman@democracyforward.org